

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

RACHAEL A. HONIG
*Acting United States Attorney*

Andrew B. Johns
*Assistant United States Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE     *(856) 757-5026*
*401 Market Street, 4ᵗʰ Floor*                        Fax: *(856) 968-4917*
*Post Office Box 2098*                        Direct Dial: *(856) 757-5137*
*Camden NJ 08102*

July 14, 2021

**Via Email**

Lori Koch, Esq.
Assistant Federal Public Defender
800-840 Cooper Street                    CR. 21-622 (RBK)
Suite 350
Camden, New Jersey 08102

**Re: Plea Agreement with Joan Benitez**

Dear Ms. Koch:

This letter sets forth the revised plea agreement between your client, Joan Benitez ("the defendant"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This revised version supersedes all prior plea agreement offers.

**The Charge**

Conditioned on the understandings specified below, this Office will accept a guilty plea from the defendant to a one-count Information charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and in violation of 21 U.S.C. § 846. If the defendant enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the defendant for conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers between on or about January 22, 2020 and September 9, 2020. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

**Sentencing**

The violation of 21 U.S.C. § 846 to which the defendant agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years, a statutory maximum prison sentence of life, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to the defendant. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge: (1) will order the defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may deny the defendant certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require the defendant to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should the defendant the defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to the defendant and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

**Rights of This Office Regarding Sentencing**

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the defendant activities and relevant conduct with respect to this case.

**Stipulations**

This Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A, this Office and the defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

**Forfeiture**

The defendant agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, the defendant will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

The defendant further consents to the entry of a forfeiture judgment in the amount representing the proceeds he obtained as a result of committing the offense charged in Count One and the property used or intended to be used in any manner

or part to commit and to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853 (the "Forfeiture Judgment"). Payment of the Forfeiture Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The defendant shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant sentencing. The defendant understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. The defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

**Immigration Consequences**

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against the defendant.

No provision of this agreement shall preclude the defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between the defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely yours,
RACHAEL A. HONIG
Acting United States Attorney

By: *Andrew B. Johns*

Andrew B. Johns
Assistant United States Attorney

APPROVED:

*Molly S. Lorber*

MOLLY S. LORBER
Attorney-in-Charge, Camden

I have received this letter from my attorney, Lori Koch, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Joan Benitez/LK_                     Date: 7/21/21
Joan Benitez


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Lori Koch_                     Date: 7/21/21
Lori Koch, Esq.

## Plea Agreement with Joan Benitez

### Schedule A

1.      The United States Attorney for the District of New Jersey ("this Office") and Joan Benitez ("the defendant") agree to stipulate to the following facts:

a. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

b. The offense involved approximately 1.7 KG of "ice," and that this amount shall be considered relevant conduct as defined in U.S.S.G. § 2D1.1.

c. Pursuant to the change in law effected by Section 402(b) of the First Step Act of 2018 (the "Act"), the defendant may be eligible for the relief set forth in 18 U.S.C. § 3553(f) (the "Safety Valve"). That is because the Act, which became effective on December 21, 2018, broadens the class of defendants who are eligible to receive relief under the Safety Valve.

d. Within the meaning of 18 U.S.C. § 3553(f)(2) and United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2(a)(2), the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

e. Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

f. Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

g. Whether the defendant meets the criterion set forth in U.S.S.G. §§ 5C1.2(a)(1) and (a)(5) has not yet been determined. If applicable, whether the defendant meets the criterion set forth in 18 U.S.C. § 3553(f)(1), as amended by the Act has not yet been determined.

2.      If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, col-lateral attack, or proceeding involving post-sentencing motions or writs.

3.      The United States Sentencing Commission has not yet amended the corresponding provision of the United States Sentencing Guidelines — U.S.S.G.

§ 5C1.2 — to conform that provision to the Safety Valve.  Therefore, if, at the time
of sentencing, the Court determines that the defendant meets the criteria set forth
in the safety valve provisions in 18 U.S.C § 3553(f)(1)–(5) and U.S.S.G
§ 5C1.2(a)(2)–(5), this Office will move for a two-level downward variance pursuant
to 18 U.S.C. § 3553(a).  Doing so would give the defendant the benefit now of any
later conforming amendment to U.S.S.G. § 5C1.2.  If this Office so moves, the
defendant shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) in the
event that after the defendant is sentenced in this case, the Sentencing Commission
amends U.S.S.G. § 5C1.2(a)(1) to conform it to the current version of 18 U.S.C.
§ 3553(f)(1) and makes that amendment retroactive.